IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE MICROSOFT CORP.     *
ANTITRUST LITIGATION     *    MDL 1332
     *
     *
GAYLE WALSH     *
     *
     v.     *    Civil No. JFM-05-1277
     *
MICROSOFT CORP.     *
     *****

MEMORANDUM

On February 17, 2005, Plaintiff Gayle Walsh filed this lawsuit in the Court of Common Pleas of Barnwell County, South Carolina on behalf of herself and a class of indirect purchasers of Microsoft Windows in South Carolina. The complaint alleges Defendant Microsoft Corp. engaged in illegal restraints of trade in violation of South Carolina law and thereby harmed the class.

This case is one of many filed by private plaintiffs against Microsoft since Judge Jackson's finding that the company engaged in anticompetitive behavior. *See United States v. Microsoft Corp.*, 84 F. Supp. 2d 9 (D.D.C. 1999). Walsh's claim arises out of her purchase of a computer using the Windows operating system. She claims Microsoft's wrongdoing violated South Carolina's antitrust statutes, S.C. Code Ann. § 39-3-10 *et seq.*, and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 *et seq.*, and caused class members to pay "artificially inflated prices for computers and software using the various Microsoft Windows operating systems." Compl. ¶ 7. She seeks "actual damages" and "treble damages" on behalf of herself and a class of "all other South Carolina residents similarly situated." Compl. at 53 ¶ 1.

Microsoft removed the case to the United States District Court for the District of South

Carolina.  The Judicial Panel on Multidistrict Litigation transferred the case to this court for

consolidation with other federal and state law actions against Microsoft for anticompetitive

behavior.  Pending before this court are Walsh's motion to remand and Microsoft's motion to

dismiss.  For the reasons stated below, the motion to remand is denied and the motion to dismiss

is granted.

## I. The Motion to Remand

In removing this action Microsoft asserted that both federal question and diversity

jurisdiction existed.  Its contention regarding federal question jurisdiction is founded upon

Walsh's reference to the federal tolling provision, 15 U.S.C. §16(i), and her averment that "[t]his

Complaint alleges the same operating systems monopolization count as alleged and proved in the

Government Suit . . ."  Compl. ¶ 16.  Microsoft's position appears quite weak.  Unlike the

complaint in *Aikens v. Microsoft* I was considering at an earlier stage of these MDL proceedings,

*see In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 702, 722 (D. Md. 2001), Walsh here has

pled specific causes of action, all of which are alleged to arise under South Carolina law.  An

incidental reference to the federal tolling provision and the fact that Walsh's state law causes of

action are alleged to have arisen from the same set of facts underlying the federal government's

suit against Microsoft do not appear sufficient to establish the existence of a federal question.[1]

---

[1]There is one similarity between *Aikens* and this case.  In *Aikens* I noted that in the absence of the pleading of specific causes of action, the fact that Louisiana's antitrust statute was limited to intrastate conduct implied that plaintiffs were relying upon federal law because Microsoft's alleged "anti-competitive practices" and "monopolistic behaviors" were interstate in nature.  Here, Microsoft likewise contends that South Carolina's antitrust statute is limited to intrastate conduct.  However, because Walsh has expressly asserted her claim under the South Carolina antitrust statute, if Microsoft's contention is correct, that would be a ground to dismiss

As for Microsoft's contention that diversity jurisdiction exists, it is undisputed that the citizenship of the parties is diverse.  It also is undisputed that the value of the claims of at least one of the unnamed members of the class Walsh seeks to represent exceeds $75,000.  Walsh's own claim, however, is for less than $75,000.  Therefore, the question presented is whether federal diversity jurisdiction can be based upon the value of the claim of an unnamed putative class member.

There is a split of authority on the issue.  The Ninth Circuit has held that diversity jurisdiction may not be based on the claims of unnamed class members, *see Gibson v. Chrysler Corp.*, 261 F. 3d 927, 940-41 (9th Cir. 2001), whereas the Fifth Circuit has held - at least by necessary implication - to the contrary.  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1275 (5th Cir. 2000); *Chapman Funeral Home, Inc. v. National Linen Serv.*, 178 F. Supp. 2d 1247, 1250 (M.D. Ala. 2002).  *See also Virden v. Altria Group, Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W.Va. 2004).

The Fourth Circuit has not addressed the question.  It is true, as plaintiff asserts, that in *Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 122 (4th Cir. 2001), the Fourth Circuit upheld diversity jurisdiction in a case where the named plaintiff had a claim exceeding $75,000.  However, in *Rosmer* the court was not considering whether the claim of an unnamed putative class member would also be sufficient to sustain diversity jurisdiction.  Rather, it was addressing the issue (later resolved by the Supreme Court in *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611 (2005)) of whether under 28 U.S.C. § 1367 a federal court may exercise supplemental

---

the state law claim, not to remove it.  As stated in note 2, *infra*, because I am dismissing Walsh's claim on *Illinois Brick* grounds, I am not reaching that question.

jurisdiction over a claim, less than $75,000 in value, of a class member where the claim of a named class member did exceed $75,000.

There is legitimacy in the concern expressed by the Ninth Circuit in reaching the conclusion it did in *Gibson* that "substantial time and effort by the parties and the district court" would be wasted in the event that jurisdiction initially was found to be established by a purported class member's claim over $75,000 and ultimately that class member opted out or the class were not certified.  261 F.3d at 941.  On the other hand, to hold that jurisdiction can be based upon a named plaintiff's claim over $75,000 but not upon a potential claim over $75,000 held by a putative class member, provides a means for plaintiff's counsel to manipulate the judicial system and deprive a federal court of jurisdiction where the amount in controversy between some of the members of the class the plaintiff seeks to represent and the defendant clearly exceeds $75,000.  I find this factor to outweigh the risk of wasted time and effort identified by the Ninth Circuit in *Gibson*.  Therefore, I find that Microsoft properly removed this action.

II. The Motion to Dismiss

A. Walsh's Claim under South Carolina's Antitrust Statutes

Walsh's antitrust claim is not unique; recently I dismissed a nearly identical class action lawsuit because indirect purchasers cannot recover under South Carolina antitrust law.  *See Mark v. Microsoft Corp.*, No. 05-CV-1608, 2005 WL 2897191 (D. Md. Nov. 2, 2005).  I reach the same conclusion here and will briefly restate my reasoning in *Mark*.

The United State Supreme Court has held that indirect purchasers cannot recover under federal antitrust laws.  *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 729 (1977).  The Court

recognized that allowing suits by indirect purchasers would permit "potential plaintiffs at each level in the distribution chain . . . to assert conflicting claims to a common fund -- the amount of the alleged overcharge -- by contending that the entire overcharge was absorbed at that particular level in the chain." *Id.* at 737.  In addition to the difficulty of apportioning recovery among so many plaintiffs, such claims "would create a serious risk of multiple liability for defendants." *Id.* at 730.

South Carolina courts follow federal law in antitrust matters.  *See Drs. Steur & Latham, P.A. v. Nat'l Med. Enters.*, 672 F. Supp. 1489, 1521 (D.S.C. 1987) ("South Carolina has long adhered to a policy of following federal precedents in matters relating to state trade regulation enforcement."); *In re Wiring Device Antitrust Litig.*, 498 F. Supp. 79, 87 (E.D.N.Y. 1980) (noting "South Carolina policy that state antitrust laws be interpreted consistently with federal antitrust precedent"); *S.C. Cotton Growers' Co-Op Ass'n v. English*, 133 S.E. 542, 543 (S.C. 1926) (using federal precedent to construe South Carolina antitrust statute).  More specifically, a court has found that South Carolina adopts the rule of *Illinois Brick* that indirect purchasers cannot recover under state antitrust laws.  *See In re Wiring Device*, 498 F. Supp. at 88 ("Pursuant to South Carolina law, this court must, under Erie, follow the rule of *Illinois Brick* limiting recovery under the South Carolina antitrust statute to direct purchasers.")  I have no reason to disagree with the district court's decision in *In re Wiring Device*.  The court cited numerous sources to show the "South Carolina policy that state antitrust laws be interpreted consistently with federal antitrust precedent" and correctly noted that "[f]ailure to apply *Illinois Brick* in this action would create the same problems the Supreme Court sought to avoid when it rendered the

decision." *Id.* at 87.[2]

      B. Walsh's Claim under the South Carolina Unfair Trade Practices Act

     The private-action provision of SCUTPA provides that a person "who suffers any ascertainable loss of money or property . . . as a result of the use or employment by another person of an [unfair trade practice] may bring an action individually, *but not in a representative capacity*, to recover actual damages."  S.C. Code Ann. § 39-5-140(a) (emphasis added).  This provision bars Walsh's class allegations under SCUTPA.  *In re Microsoft Corp. Antitrust Litig.*, 127 F. Supp. 2d 702, 727 (D. Md. 2001); *Gunnells v. Fidelity Group, Inc.*, No. 2:98-2659, slip op. at 18 n. 16 (D.S.C. Sept. 28, 2001), *aff'd in part and rev'd in part on other grounds*, *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417 (4th Cir. 2003).[3]

     A separate order denying Walsh's motion to remand and granting Microsoft's motion to dismiss is being entered herewith.


December 29, 2005         /s/_____
Date                       J. Frederick Motz
                           United States District Judge

---

    [2]Microsoft contends Walsh's claim under South Carolina's antitrust statute also fails as a matter of law because the statute only regulates intrastate commerce.  I need not reach this issue because Walsh's claim is barred by *Illinois Brick*.

    [3]I assume that Walsh does not want to pursue her own individual claim which, according to her allegations, is quite modest in value.  If my assumption is incorrect, Walsh may file a motion for reconsideration, and I will then decide how to proceed.